Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

OMAR SINGLETON

                       Plaintiff                      CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
DETECTIVE DAVID BONACARTI (SHEILD# 5696)

                                                        VERIFIED COMPLAINT
                                                           JURY CLAIM
                                                      AS TO ALL COUNTS

                       Defendants

_____

**INTRODUCTION**

Omar Singleton ["SINGLETON"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of 42 U.S.C. 1983: Malicious Prosecution
4. Intentional Infliction of Emotional Distress
5. Violation of 42 U.S.C. 1983: Conspiracy
6. Negligence

**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Omar Singleton ["SINGLETON"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY")is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendant Detective David Bonacarti (hereinafter "BONACARTI") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. On September 20, 2012, at approximately 9:20pm, SINGLETON was placed under arrest by BONACARTI of the 47th Precinct in the County of the Bronx.

11. The above referenced arrest was for an alleged robbery that took place on July 24, 2012.

12. The complaining witness reported the robbery to BONACARTI at the 47th precinct in Bronx County in the early morning of July 24, 2012, stating that an unknown black male entered his vehicle, sat in the passenger seat, displayed a black firearm and stole two cell phones and $10 in U.S. currency.

13. However, upon the complaining witness speaking with BONACARTI, he noted that the complaining witness told a different version to the responding police officers at the scene; in that the complaining witness never stated the alleged robber entered his vehicle.

14. At the time of the alleged robbery, the complaining witness stated that he was sitting in his car in front of a club called "Cue Lounge" in the County of the Bronx.

14. When asked by BONACARTI as to why he was sitting in front of the CUE Lounge, the complaining witness stated he was there to pick up his friend "Mike" after getting a call from him.

15. However, BONACARTI noted in his filed arrest report that when further probed, inexplicably, the complaining witness could not give a last name for his friend "Mike", nor could he provide a phone number from him.

16. Additionally, BONACARTI asked the complaining witness whether the unknown black male that entered his vehicle was actually a planned meeting that went awry.

17. BONACARTI noted in his filed arrest report that the "victim was not completely being forthcoming". Noting further that "on two separate occasions, when I asked the victim if this was a planned meeting, his left eye began to visibly twitch as he stated 'no'."

18. BONACARTI also made a point to note in his filed arrest report, "the victim cannot offer a reason for having two separate cell phones and claims to not know the number for the second phone."

19. Despite not purposely trying to evade the police, and not changing his address during the pendency of the complaining witness' complaint, SINGLETON was not arrested until September 20, 2012, and brought into the 47th precinct in Bronx County.

20. Upon being arrested, SINGLETON was placed in a line up to determine if the complaining witness could pick him out of said line-up. Despite SINGLETON being **33 years old** at the time of his arrest, the other 5 participants in the line-up were **a group of teenagers between 15 and 16 years old.**

21. Considering the **HIGHLY SUGGESTIVE** line-up, SINGLETON was picked out by the complaining witness, due to SINGLETON sticking out amongst the teenagers he was lined up next to.

22. SINGLETON eventually was taken from the 47th Precinct and was brought to Central Booking where he was arraigned in Bronx Criminal Court and charged with felony counts of Robbery in the First Degree, Second Degree, and other lesser included charges.

23. Bail was set at arraignments at $50,000.00; an amount SINGLETON could not pay.

24.  Consequently SINGLETON remained incarcerated from September 20, 2012 until January 31, 2014 (approximately **FIVE HUNDRED (500) DAYS**) at Riker's Island until bail was ultimately lowered. He was released upon his family paying the bail.

25. Despite this aforementioned questionable evidence, the prosecution of the case continued.

26. After months of court appearances without a disposition or hearing/trial, SINGLETON's case was finally dismissed on September 19, 2014.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

29. Acting under color of law, Defendant's engaged in a denial of SINGLETON'S rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

30. There was no probable cause for the September 20, 2012 arrest and incarceration of SINGLETON and as a result his constitutional rights were violated.

31. As a result of the Defendant's unlawful and malicious action SINGLETON was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355. In this instant matter counsel would argue that the clear indication on the record that the People did not believe there was even sufficient cause to arrest Mr. Foy arguably concedes the point that said arrest and detention was in direct violation of Plaintiff's civil rights, as guaranteed by the United States Constitution and the Fourteenth Amendment therein.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. As a result of the unlawful and malicious arrest of Jones for which there was no probable cause, SINGLETON was incarcerated for approximately 500 days without justification or consent, whereby Defendants deprived SINGLETON of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION**

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. Defendants, intentionally and maliciously, instituted and pursued a criminal action against SINGLETON that was brought without probable cause and was dismissed in SINGLETON's favor.

36. As a result of the concerted unlawful and malicious prosecution of SINGLETON, the Defendant's deprived SINGLETON of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 36 above with the same force and effect as if herein set forth.

38. Defendants intentional and reckless conduct resulted in the extended incarceration of SINGLETON.

39. The failure of the Defendants to properly investigate the incident was extreme and outrageous conduct as evidenced by the egregious nature of the aforementioned line-up, and this conduct was the actual and proximate cause of severe emotional distress suffered by SINGLETON due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

40. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if herein set forth.

41. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of SINGLETON.

42. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

43. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

44. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

45. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-36 above, Plaintiff suffered loss of physical liberty and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

46. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 45 above with the same force and effect as if herein set forth.

47. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

48. Defendants breached that duty to Jones when they arrested her for the felony of grand larceny when there was, admittedly, no probable cause sufficient to support a finding that Jones committed this, or any other, crime associated with this incident.

49. As a result of the breach, which were the actual and proximate cause of Jones' injury, Jones suffered harm and damages.

50. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate

Respectfully submitted,


Omar Singleton
By his attorney
November 21, 2014

_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
OMAR SINGLETON

Subscribed and sworn to before me, this __nd day of November 2014

_____
Notary Public