```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    14cv9355 (DLC)
OMAR SINGELTON,                          :
                                         :    MEMORANDUM OPINION
                     Plaintiff,          :       AND ORDER
                                         :
          -v-                            :
                                         :
THE CITY OF NEW YORK, NEW YORK POLICE    :
DEPARTMENT, and DETECTIVE DAVID          :
BONACARTI (Shield #5696),                :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On December 10, 2015,[1] the defendants filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.  The plaintiff's opposition to the motion was due on December 22.  The plaintiff has not filed an opposition and has not requested an extension.  For the reasons that follow, the defendants' motion to dismiss is granted.

The complaint in this case was filed on November 24, 2014.  The case became part of the Section 1983 Plan under Local Rule 83.10.  Mediation was unsuccessful, and an initial conference was scheduled for October 16, 2015.  Plaintiff's counsel did not

---

[1] Because of a technical issue with filing the motion on ECF, it was re-filed on December 17, 2015.

1

appear at that conference and the conference was therefore rescheduled for October 19.  Plaintiff's counsel did appear on October 19, but he did not bring his file with him and he was not prepared to discuss the case.  At the initial conference, the Court allowed counsel to take two depositions in November, including a deposition of the plaintiff.  On October 19, the Court issued an order requiring the parties to submit summary judgment motions on December 11, 2015, following the completion of discovery.

The defendants' Rule 41(b) motion recites the failure of plaintiff's counsel to communicate with defendants regarding discovery.  For example, on November 6, the defendants wrote to the plaintiff's counsel and included a notice of deposition, interrogatories, and document requests, as well as a stipulation of voluntary dismissal for the plaintiff's claims that are not legally viable.  The defendants received no response, and so they wrote to plaintiff's counsel again on November 19.  The plaintiff's counsel responded to the email and said that he would respond more fully by the following day.  On November 24, the defendants still had not received a response from the plaintiff and they wrote another email to demand a date for the plaintiff's deposition and responses to their discovery

requests.  On November 30, plaintiff's counsel left a voice mail saying that he would provide deposition dates by December 1. The defendants did not receive a response and contacted the plaintiff's counsel by telephone on December 1 and December 10. In support of these allegations, the defendants submitted four exhibits documenting their written correspondence and the plaintiff's only written reply.

Rule 41(b), Fed. R. Civ. P. provides that: "If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it."  There are five factors to weigh when deciding a Rule 41(b) motion:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).  "No single factor is generally dispositive."  Id. (citation omitted).  Dismissal must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an

opportunity to be heard." Id. at 217 (citation omitted). "[T]he sanction of dismissal with prejudice . . . should be used only in extreme situations." Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted). Dismissal under Rule 41(b) must be premised "upon a finding of willfulness, bad faith, or reasonably serious fault." Id. (citation omitted).

Dismissal here is warranted. The plaintiff has not meaningfully communicated with the defendants for over two months. Similarly, the plaintiff's last filing with this Court was on October 20, when he wrote to the Court to update his address and employment information. The plaintiff has failed to comply with the Court's orders scheduling depositions, summary judgment practice, and a briefing schedule for this Rule 41(b) motion. Moreover, the plaintiff has counsel who was on notice that the action might be dismissed if he did not comply with the Court's scheduling orders. Specifically, the December 11 Order required the plaintiff to respond to each instance of failed communication alleged by the defense. That requirement put the plaintiff on notice that his conduct was sanctionable, and the defendants' Rule 41(b) motion put the plaintiff on notice about the legal standards that would be used to determine whether

4

dismissal with prejudice is the appropriate sanction.  The plaintiff was provided a fair opportunity to be heard on the Rule 41(b) motion and has declined to use that opportunity to argue why the case should not be dismissed.  He has not requested an extension or otherwise communicated with the Court about the motion or any other matter related to this case.  The case has been pending on the Court's docket for over a year, and the defendants have been prejudiced by the plaintiff's unwillingness to participate in discovery and communicate meaningfully.  Further delay will prejudice the defendants because they will have to expend time and resources on a case where the plaintiff has refused to participate.  Finally, there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate.  The plaintiff has made no serious effort to participate in the case, and assessing a financial penalty against the plaintiff would not alleviate the docket management concerns generated by the plaintiff's behavior in this case.

**Conclusion**

The defendants' December 10, 2015 motion to dismiss under Rule 41(b), Fed. R. Civ. P. is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:    New York, New York
          December 30, 2015

```
                    _____
                           DENISE COTE
                    United States District Judge
```